WILLIAM A. BROWN, PLAINTIFF IN ERROR, v. HIRAM HURST, DEFENDANT IN ERROR.

**Practice:** NEW TRIAL : VERDICT. A verdict will not be set aside merely because there is an apparent conflict in the testimony, or where the court is inclined to differ with the jury upon the weight of the evidence; but it should appear to a reasonable certainty, that injustice has been done to the party complaining, by the failure of the jury to give to the whole testimony its proper weight in determining the question submitted to them.

———: EXCEPTIONS TO CHARGE must be taken at the time the charge is given.

PETITION in error from the district court of Otoe county.

The opinion states the case.

*C. W. Seymour*, for plaintiff in error.

*E. R. Richardson*, for defendant in error.

I. The evidence in the court below was clear that Hurst never signed the note, or intended to sign the

note; and if the evidence was conflicting, and the question purely one of fact, the supreme court will not disturb the verdict. *Clark v. Davis*, 7 *Texas*, 556. *Sims v. Chance, Id.* 561. *Lessees of Ludlow v. Park*, 4 *Ohio*, 40. *State v. Lamont*, 2 *Wis.*, 437. *Bates v. Bates*, 27 *Iowa*, 110.

II.  There were no exceptions made to the charge of the court by plaintiff in error in the court below, and the record discloses none, and this court will not take notice of any errors therein, unless the same were excepted to by plaintiff.

LAKE, CH. J.

This action was brought in the court below, upon a promissory note purporting to have been executed by the defendant in error, and payable to Kirkham & Cone or bearer.  The petition alleges that Kirkham & Cone sold and transferred the note, before maturity, for a valuable consideration, to one Ensign, who afterwards, for a like consideration, transferred it to the plaintiff.

The defendant denies the execution and delivery of the note to Kirkham & Cone, but makes no denial of the other allegations of the petition.  There are several other facts embodied in the answer, relative to the appointment of the defendant as an agent, by the said Kirkham & Cone, for the sale of a certain article of farm machinery called the Improved Triumph Seeder and Cultivator, which appointment was, as the defendant says he understood, signed in duplicate, he keeping one, and Kirkham & Cone the other.  He further alleges that if his genuine signature was attached to the note, "it was obtained without his knowledge, by the fraudulent substitution of one paper for another, or by some other surreptitious or fraudulent means unknown to him."

The cause was tried to a jury and a verdict returned in

favor of the defendant, whereupon the plaintiff moved for a new trial upon two grounds, viz: *First*, that the verdict was not sustained by sufficient evidence. *Second*, that the court erred in the instructions given to the jury.

The motion for a new trial was overruled, and judgment rendered on the verdict, to all of which exceptions were duly taken by the plaintiff, who now brings the cause here by petition in error.

Several errors are assigned for a reversal of the judgment, but as they all relate to what took place at the trial, we can only notice such as were assigned in the motion for a new trial.

The only issue upon which the jury were called to pass, was whether the defendant executed the note in question. To prove that he did sign the note, the plaintiff offered himself as a witness, and testified that he sent word to Hurst that he had the note. That Hurst at first said he could not deny that he may have signed it, but would go and see a lawyer. After he had seen a lawyer, he said he did not sign it. James Moore testified that he had seen Hurst write his name as many as three times, and his best impression was that it was his genuine signature.

On the other hand, the defendant swore that he never signed the note. That Kirkham & Cone never asked him to give a note, and he never gave it. He further testified that the signature looked like his, but he could not say that it was, or was not, his signature. He was certain, however, that he never gave the note, and if his name was signed to it by himself, it was brought about by some trick or deception practiced upon him, at the time of signing the agreement of agency, or at the time he thought he was signing a copy of said agreement.

Mrs. Hurst, the wife of the defendant, testified that she was present during the entire time of the transaction of the business between Kirkham & Cone and her

husband, and that no note was signed by her husband, or even mentioned by any of the parties.

This is the substance of the testimony which most certainly was very conflicting. It requires a very careful consideration, not only of what was said by the witnesses, but also their manner of testifying, and their appearance upon the witness stand, to find out the real truth of the case, all of which furnish very valuable aid to the jury in determining the real value of oral testimony.

We do not think that this record presents such a case of preponderating evidence against the finding of the jury, as would warrant us in interfering with the discretion exercised by the court below in refusing a new trial.

The jury who try the cause, and the court before whom it is tried, have much better opportunities to determine the credibility and effect of testimony, than we possess, and we ought therefore to hesitate before disturbing a verdict, rendered by a jury and confirmed by a court possessing such advantages, merely because there is an apparent conflict in the testimony. *Breese v. The State*, 12 *Ohio State*, 146.

A verdict will not be set aside merely because the court is inclined to differ with the jury upon the weight of the evidence; but it should appear to a reasonable certainty, that injustice has been done to the party complaining, by the failure of the jury to give to the whole testimony its proper weight in determining the question submitted to them, otherwise the verdict ought not to be disturbed.

As to the objection interposed to the instructions given to the jury, all that need be said is, that the record does not disclose that any exceptions were taken in the court below when the charge was given. This fact will preclude the plaintiff from complaining here, and the errors, if any there were, in this respect, must be taken to have

been waived. For these reasons the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.

All the justices concur.