SAMUEL W. DELL, APPELLEE, v. ISAAC OPPENHEIMER AND ROSA OPPENHEIMER, APPELLANTS.

1. **Usury.** Where the original contract of loan is *bona fide*, and wholly free from the taint of usury, it will not be invalidated by a subsequent agreement to pay interest at an usurious rate after the debt has matured.

2. **Evidence:** WITNESS IMPEACHED. Where a party swears falsely to a fact in respect of which he cannot be presumed liable to mistake, courts are bound to apply the maxim *falsus in uno, falsus in omnibus,* and to give no credit to any alleged fact depending upon his statement alone. This rule applied.

APPEAL by defendants from a decree of foreclosure rendered against them in Lancaster county district court, POUND, J., presiding.

*Mason & Whedon,* for appellants, cited *Montany v. Rock,* 10 Mo., 506. *Wiley v. Hight,* 39 Mo., 130. *Willie v. Green,* 2 N. H., 333. *Shireley v. Wilty,* 19 Ill., 623. *Mitchell v. Doggett,* 1 Fla., 365. *Matlock v. Mallory,* 19 Ala., 694. *Richards v. Kountze,* 4 Neb., 200, and authorities there cited.

*Burr & Stein,* for appellee, cited *Richards v. Kountze,* 4 Neb., 200. *Rosa v. Doggett,* 8 Neb., 48. *Bell v. Coleman,* 2 C. B., 284. *Busby v. Finn,* 1 Ohio State, 409. *Carson v. Ingals,* 33 Barb., 657.

LAKE, J.

This is an action to foreclose a mortgage, and the only defense interposed is that of usury. The court below found from the evidence that the original contract of loan was not usurious, "but that after the maturity of said note and mortgage, the plaintiff agreed to take and receive, and the defendants agreed to give

and pay, interest at the rate of fifteen per cent per annum on said note and mortgage; and that in pursuance of said last named agreement the defendant did pay, and the plaintiff received, interest on said note and mortgage at the rate of fifteen per cent per annum, and that the illegal interest so paid and received amounts to the sum of $52.50." Upon these facts the court, following the decision in the case of *Richards v. Kountze*, 4 Neb., 200, found, as matter of law, "that the plaintiff is entitled to interest on said note and mortgage at the rate of twelve per cent per annum, and that the defendants are entitled to be credited on said note and mortgage, as payments, the amount of said illegal interest," and rendered judgment accordingly. In this application of the law to the facts as found the court was clearly right, for the original contract, if *bona fide*, and wholly free from the taint of usury, would not be invalidated by a subsequent agreement to pay interest at an usurious rate after the note had matured. *Richards v. Kountze*, supra. It only remains, therefore, to ascertain whether the finding of facts, in view of the evidence, can be upheld.

By the terms of the note and mortgage the interest to be paid was fixed at twelve per cent per annum, payable semi-annually. The defendants, however, in their answer allege that the rate actually agreed upon, and which they paid until the note matured, was twelve and a half per cent; and that after its maturity a new arrangement was made whereby, in consideration of a further indefinite extension of the time of payment the interest should be increased to fifteen per cent, and that several semi-annual payments were made at that rate. These allegations of the answer are fully sustained by the testimony of the defendant Isaac Oppenheimer, with whom the contract,

whatever it may have been, was made, and that of Moses Oppenheimer, through whom the defendants paid their last installment of interest, endorsed on the note, the amount of which, although not disclosed by the endorsement, it is clearly shown was fifty-two dollars and fifty cents. This endorsement, like each of the other eight, appearing on the note, being simply an acknowledgement of the payment of " six months' interest," without mentioning the amount.

Opposed to these two witnesses, who testify positively and with great particularity—the first one as to the terms of the original loan and the subsequent extension, and both of them as to payments of interest, showing it to have been exacted at usurious rates, both before and after maturity—we have only the denial of the plaintiff in a general way that he either contracted for or was paid more than twelve per cent, the rate called for by the note. It will be seen, therefore, that there is an irreconcilable conflict of testimony upon the only question in the case. Nor is it possible that this conflict resulted from innocent mistake or want of recollection, and it is certain that either the plaintiff, or the defendant and his witness, Moses Oppenheimer, wilfully testified falsely.

The court below seems to have surmounted this difficulty by a sort of compromise—by entirely discrediting the plaintiff's denial of having taken fifteen per cent after the note matured, but giving full credit to his testimony as to the terms of the original contract and the payment of interest under it. In holding the defense established as to the payment of the fifteen per cent, that court was clearly right; for, all other circumstances being equal, it is less likely that two witnesses, one of whom had no pecuniary interest in the result of the controversy, knowingly swore to that which was false, than that one, and he the intre-

ested plaintiff, did so. But, having thus rightly determined that the plaintiff had sworn falsely of a fact within his knowledge, and concerning which he could not have been innocently mistaken, there was certainly no propriety in giving credit to his statements concerning the original transaction, wherein he is charged with having contracted for and received interest at the rate of twelve and a half per cent. Where a party speaks to a fact in respect to which he cannot be presumed liable to mistake, courts are bound, upon principles of law, morality, and justice, to apply the maxim, *falsus in uno, falsus in omnibus*. *The Santissima Trinidad*, 7 Wheaton, 283. And in *Knowles v. The People*, 15 Mich., 408, it was held that, where a witness, in a material matter, swears, willfully and knowingly, to that which is false, no credit should be given to any alleged fact depending upon his statements alone.

Such being our view of the evidence, we must hold that the original contract of loan, as well as the subsequent arrangement, was usurious, as alleged in the answer, and render judgment as required by the statute in such cases, viz.: " for the principal, deducting interest paid," and the defendants to recover their costs. There appears to have been paid, as interest, during the first two years under the agreement for twelve and a half per cent, $175.00; and during the next two years and six months, under the agreement for fifteen per cent, $262.50, making an aggregate of $437.50. This amount, deducted from the $700.00 principal, leaves a balance of $262.50, for which the proper judgment will be entered in this court.

JUDGMENT ACCORDINGLY.