ELLEN YOUNG, PLAINTIFF IN ERROR, V. GEORGE E. PRITCHETT, DEFENDANT IN ERROR.

Practice: FINDING: EVIDENCE. To justify a reversal of the finding and judgment of a trial court upon questions · f fact the plaintiff in error must at least show a clear preponderance of testimony against such finding and judgment.

ERROR to the district court for Platte county. Tried below before POST, J.

*Marlow & Munger*, for plaintiff in error.

*George E. Pritchett, pro se.*

COBB, J.

There is but one point presented in this case. Was there sufficient evidence before the district court to sustain the judgment? This is a case in error brought to this court by the plaintiff below. She brought her suit in the district court, where of course she had the affirmative of the issue there, which the court found against her. And coming here on error to have the finding and judgment of that court reversed, she again has the affirmative, and to succeed must at least show a clear preponderance of testimony against the conclusions arrived at by the district court.

On the first day of June, 1878, the county court of Platte county rendered a judgment by confession against the plaintiff and John G. Compton as defendants, and in favor of George E. Pritchett (the defendant in this action) as plaintiff. The object of the suit in the district court is to enjoin that judgment. The controlling fact alleged by the plaintiff is that she did not confess this judgment, and this case turns entirely

on the fact whether she did or not. The testimony is very conflicting. I do not think that it would tend to the enrichment of legal science or indeed promote any worthy purpose to enter into particulars and point out the contradictions or animadvert upon the motives of parties or witnesses. But I will content myself by saying that after a careful study of the testimony I am not prepared to say that the district court decided—much less that it is clearly—wrong.

In the case of *Seymour v. Street*, 5 Neb., 85, this court, in its opinion by the present chief justice, say: " The rule is well settled that the findings of a court, when substituted for a jury, are entitled to the same weight as the verdict of the latter; and a verdict will not be set aside on the ground of an erroneous finding, unless it is clear that such is the case. *Merrick v. Boury*, 4 Ohio State, 60. And a mere difference of opinion between the court and jury will not warrant the former in setting aside the finding of the latter. *McGastrick v. Wason*, Ibid., 566. The correct rule appears to be that if the verdict or finding is clearly wrong it should be set aside; but if we only doubt its correctness it will not be disturbed."

In the case of *Brown v. Hurst*, 3 Neb., 353, the court, by then chief justice LAKE, say: " The jury who try the cause, and the court before whom it is tried, have much better opportunities to determine the credibility and effect of testimony than we possess, and we ought therefore to hesitate before disturbing a verdict rendered by a jury and confirmed by a court possessing such advantages merely because there is an apparent conflict in the testimony." Citing *Breese v. The State*, 12 Ohio State, 146. " A verdict will not be set aside merely because the court is inclined to differ with the jury upon the weight of the evidence. * * *" The same principle is laid down by the

then chief justice in the opinion of the court in *High v. Merchants Bank*, 6 Neb., 155.

The above, which may be regarded as the settled law of this court, applies with great force to this suit, which is brought to impeach and perpetually enjoin the judgment of a court of record possessing large and varied though limited jurisdiction. And there are many local and temporary circumstances surrounding the case not very clearly set forth in the reported testimony, but which no doubt were evident to the learned and careful judge who tried the cause in the district court, and probably had some weight to enable him to reach his conclusions.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

MAXWELL, CH. J., dissenting.

I cannot give my assent to the conclusion reached by the majority of the court. It appears from the bill of exceptions that on the 20th day of May, 1878, an action was commenced in the County Court of Platte County by George E. Pritchett v. John G. Compton and the plaintiff; that a summons was issued and served on John G. Compton, but at his request was not served on the plaintiff.

It also appears that the plaintiff had signed a note as surety for Compton, in favor of Morgan & Gallagher, and it is conceded that she did not sign the note on which the judgment sought to be enjoined was recovered, and that her name on the note was a forgery. The plaintiff testifies that on the first day of June, when the judgment was rendered, Compton came to her and informed her that he had arranged matters so as to have her released from the note to Morgan &

Gallagher; "that Judge Higgins would be in his office at three or half past three o'clock in the afternoon and he would release her," etc.

It also appears from the testimony of Judge Higgins, that on the day in question he was driving out of town, "going somewhere out of town, I forget where—perhaps Jackson. Mr. Compton came to me and informed me that Mrs. Young was coming down to the office to confess judgment on those notes. I believe he got in the buggy with me and I turned around and came back towards the court-house. After he got in I saw Mrs. Young in a buggy, and we all came down to the court-house. * * * I think I opened my desk and stood up—I am not very clear about my position, but that is my best impression about standing up and sitting down—and I took this paper and called the case. * * I read the title of the case, 'George E. Pritchett v. John E. Compton, and Ellen Compton,' and the petition, and stated the amount, and asked her if she confessed judgment for that amount in favor of the plaintiff. She said, ' Yes.' That is about the whole of it." I have given above the most damaging testimony of Judge Higgins, which was much weakened by further examination.

He also testifies as to the assent, "I don't remember whether she said ' Yes,' or ' she did.' She assented to it. I don't know whether she used the word 'Yes,' or the words 'I do.' I know she assented to it." From which it very clearly appears that he had no distinct recollection in regard to the matter. He also testifies:

Q. You of course can't swear that she understood actually what she was doing? You believe she understood it?

A. Yes, sir; I felt sure she did.

Q. You can't swear she did understand it?

A. I wouldn't want to swear to it. That would be

swearing to something beyond my intelligence altogether.

What a commentary on the *confession* of a judgment!

Section 433 of the Code provides that " any person indebted, or against whom a cause of action exists, may personally appear in a court of competent jurisdiction, and with the assent of the creditor, or person having such cause of action, confess judgment therefor." A court obtains jurisdiction only in the manner provided by law. Where there is no general appearance, a summons must be issued and legally served upon the defendant to authorize the court to render judgment.

Suppose a summons is legally issued, but is served by reading the same to the defendant, a judgment rendered by default on such service would be void, because the statute requires the service to be made by copy. Where jurisdiction is acquired by the appearance of the defendant, it must be a general appearance in the action. Suppose no summons has been issued, will the mere presence of the defendant in the courtroom at the time the case is called authorize the court to proceed and render judgment against him? No one will contend that such is the case. Although the debtor has notice that such judgment has been rendered, yet it will be absolutely void. Suppose a note is sent to a county judge for collection, and he notifies the maker of the same, who calls at his office and informs the judge that he is justly indebted thereon, can the court proceed without the request of the defendant to render judgment against him? The question suggests the answer. He cannot, because there has been no appearance for that purpose by the defendant. The court on its own motion cannot institute proceedings for confessing judgment. It is a proceeding under a special power, and cannot and should

not be extended by implication. Let us apply these principles to the case at bar.

The note upon which the judgment was rendered against the plaintiff was a forgery. She swears positively that at that time she had no knowledge of its existence. It may well be asked how a party could confess judgment upon an instrument of which they had no knowledge whatever. All the testimony shows that she did not inform the county judge that she wished to confess judgment, and she swears positively that the only object of her going to the county judge's office was to be released from the Morgan & Gallagher note, as she had been informed that was the proper mode of release. That she did not hear Pritchett's name mentioned, and did not understand the proceedings, and supposed it merely a form that had to be gone through with to discharge her from the note. And the proceedings in the county court seem to have had none of the solemnity of a trial. The judge standing up, hurriedly reads the title of a case and the petition, and asks her if she assents thereto. No judgment was entered at that time. The judge evidently acted honestly in the premises. He had been informed by Compton, the man who is proved to have forged the plaintiff's signature, that she wished to confess judgment. Compton at that time appears to have been regarded as an honorable man, although evidently a villain. Compton is shown by the testimony of a number of witnesses to have sworn to what is untrue, in respect to matters of which he could not be mistaken, and the maxim *falsus in uno falsus in omnibus* clearly applies to his testimony. *Dell v. Oppenheimer*, 9 Neb., 454.

The judge, thus taking it for granted that the plaintiff had come for the express purpose of confessing judgment, was evidently thrown off his guard, and did

not investigate the question of jurisdiction, nor ask questions of the plaintiff which he otherwise would have done. But as neither she nor any one for her appeared in the action the court had no jurisdiction, and the judgment is in my opinion void. There are other grounds, such as the failure of the court to render judgment in the proper time, on which the judg-. ment should be reversed, but I cannot discuss them without extending this opinion to too great a length. In my opinion great injustice has been done the plaintiff. The finding of the court below is clearly against the evidence and the judgment should be reversed.