J. S. BENNETT AND OTHERS, PLAINTIFFS IN ERROR, v. C. M. ROGERS AND OTHERS, DEFENDANTS IN ERROR.

Contract: PRIORITY: EVIDENCE. The question for the jury turned upon the priority in point of time of the two independent contracts for the purchase of a field of standing corn. Plaintiffs' testimony proved a purchase "between the 18th and 25th of September." Defendants' testimony proved a purchase on the 19th of the same month. *Held*, that the plaintiff failed to establish his case.

ERROR to the district court for York county, where the

cause had been brought on appeal from the county court. The action was brought in that court by Rogers *et al.*, against Bennett *et al.*, to recover the value of eleven acres of corn, alleged to have been converted by said Bennett *et al.* to their own use. Both parties claimed the corn by purchase from one Dodge, the plaintiffs by purchase between the 18th and 25th of September, the defendants by agreement on the 19th of September, made between Bennett, agent for Ferguson, who owned the land, and Dodge, tenant, by which the latter turned over the corn for rent due. Verdict and judgment in county court, and in district court on appeal, before Post, J., for plaintiffs, and defendants there brought the cause up on a petition in error.

*France & Sedgwick*, for plaintiffs in error.

*Montgomery & Harlan*, for defendants in error.

COBB, J.

The plaintiffs in error present two points.

*First.* That the verdict is not sustained by the evidence.

*Second.* That the court erred in its instructions to the jury.

There is little or no conflict in the testimony. There can be no doubt that Dodge sold the corn to the defendants in error, nor that he turned the same out to Bennett, one of the plaintiffs in error, in payment of the rent of the ground upon which it and other crops were raised. The question is, which was prior in point of time. The transaction being equal in good faith and consideration on the part of the parties to the suit, preference must be given to the one having precedence in point of time, if that can be ascertained. The evidence in support of each transaction is entirely independent of that in support of the other, and neither casts the least discredit upon the

other.  The corn was standing in the field, and so not susceptible of that manual delivery which usually follows the purchase of chattels.

The defendants in error were both sworn as witnesses on their own behalf at the trial.  They both testified to the purchase by them of the corn from Dodge, sometime between the 18th and 25th of September.  Neither of them pretends to fix any point of time between those two dates for the transaction, although closely pressed by counsel to do so.  There was other testimony on the part of the plaintiffs below, all 'of which tended to corroborate them, but shed no light upon the only point of difficulty in the case.

The plaintiff in error, Bennett, as a witness on behalf of defendants below, testified that, being agent for the owner of the land on which the corn and other crops were raised, Dodge came to him at his office in Waco, on the 19th of September, and turned out the corn to him, to secure the rent, and that two or three—not to exceed three—days afterwards he went to look at the corn, and at this time the corn was shown and pointed out to him by Dodge.

Whether we consider the transaction of turning out the corn on the rent as consummated at the time of the interview between Bennett and Dodge, at the office of the former, on the 19th, or at that at the field, two or three— not to exceed three—days later, in either case preference in point of time must be given to it, over that of the purchase, "between the 18th and 25th," by the defendants in error.

The defendants in error were the plaintiffs in the court below; they charged the defendants, plaintiffs in error, with having taken and converted their property.  To establish their case, they prove that they became the owners of the property at some point of time between the 18th and 25th of September.  There can be no doubt of the rule, that where proof as well as pleading is of a doubt-

ful or equivocal character, it must be construed least favorably to the party offering it. So this proof of the defendants in error must be construed, and should have been construed by the jury, as proving that the defendants in error made their purchase on the 25th of September. The evidence of the plaintiff in error, the party holding the negative of the proposition in the court below, is positive in its character; does not depend upon construction, and shows a purchase, or what we must hold to be equivalent to a purchase, on an earlier day.

In an early case, *Brown v. Hurst*, 3 Neb., 353, this court laid down the rule, that: "A verdict will not be set aside merely because the court is inclined to differ with the jury upon the weight of the evidence; but it should appear to a reasonable certainty that injustice has been done to the party complaining, by the failure of the jury to give the whole testimony its proper weight in determining the question submitted to them, otherwise the verdict ought not to be disturbed." This rule has been uniformly adhered to in the many cases involving its consideration which have since come before this court, and it will not be departed from. But the evidence in a law suit, like a line of battle, or a chain of military defenses, is "no stronger than its weakest point;" and so, where there is a point entirely undefended, it may be said that there is an entire failure of evidence.

In considering the first point, having come to the conclusion that there must be a new trial, the second point will not be considered.

The judgment of the district court is reversed, and the cause remanded.

REVERSED AND REMANDED.