CHARLES E. STRATTON v. GEORGE MEREDITH.

FILED JUNE 22, 1895.   No. 5890.

Damages: VIOLATION OF PROMISE TO PURCHASE NOTES. Where one promises that he will, at a certain price, purchase certain notes, if the person to whom such promise is made shall procure

the title to said notes by an exchange therefor of other property, and by such promise causes the proposed exchange to be made, he is bound by his promise, and is liable for payment of such damages as by the violation of said promise he has caused to the promisee.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

*C. A. Baldwin,* for plaintiff in error.

*Slabaugh & Rush, contra.*

RYAN, C.

This action was brought in the district court of Douglas county for the recovery of damages which the plaintiff in said court averred that he had sustained by reason of the fraud and deceit practiced upon him by the defendants. It was alleged by the plaintiff in his petition that he had been the owner of a certain lot in Omaha; that the defendants conspired fraudulently to obtain from said plaintiff a conveyance of his interest in said lot, for which purpose defendant Wilkinson offered to exchange for plaintiff's said interest two notes of $400 each, secured by a mortgage on certain land in Brown county, and represented that said notes were of the value of $750, which sum defendant Stratton would be willing to pay for them if plaintiff would consent to exchange his interest in the lot which he owned for said notes. It was further averred in said petition that these representations were made for the purpose of inducing plaintiff to part with his lot without any intention or expectation on the part of the defendants that Stratton would purchase said notes from plaintiff; that the plaintiff, relying upon the aforesaid representations, made the exchange as he had been solicited, and duly conveyed his lot, receiving in exchange therefor the notes and mortgage aforesaid, and that thereafter defendant Stratton absolutely refused to purchase said notes. It was furthermore

alleged by the plaintiff that the notes and mortgage secur-
ing the same were worthless, and were so known to be by
the defendants when by their representations and prom-
ises they induced plaintiff to exchange his lot for them.
In his answer the defendant Stratton admitted that there
were certain negotiations between himself and plaintiff
about said notes, but he denied that he ever represented
that he would purchase the same, or that said notes were of
any value, and denied that, between himself and his co-
defendant, there had been any agreement or conspiracy
whatever. There was a verdict and judgment against both
defendants for the sum of $877.60.

The defendant Stratton alone prosecutes error to this
court. There was a sharp contradiction and irreconcilable
conflict between the evidence adduced by one side and that
submitted by the other. That for the plaintiff was of such
a nature that, if believed by the jury, there was disclosed
a design on the part of Stratton to procure Meredith to
part with the title to his lot in exchange for the two notes
secured by mortgage described in plaintiff's petition, which
were worthless; that to accomplish this purpose he repre-
sented to Meredith that if by the exchange of his lot
Meredith should become the owner of the aforesaid notes,
he, Stratton, would purchase them for $750, a sum known
by him to be satisfactory to Meredith, and that, relying
upon the representations made by Stratton as of his own
personal knowledge that the Brown county land mortgaged
was very valuable, and that if Meredith secured the afore-
said notes in trade, he, Stratton, would pay the above pro-
posed consideration for an assignment of them, plaintiff
conveyed his lot and obtained the notes and mortgage afore-
said, which Stratton has ever since refused to purchase at
any price whatever. It is doubtful whether, by direct
proofs, there was shown an actual conspiracy between Wil-
kinson and Stratton to bring about the result which in fact
was accomplished. There was, however, sufficient to es-

tablish a common purpose, and for its success the evidence was ample to justify the jury in finding that Stratton was directly and entirely responsible. The result testified to is that for the interest which the defendant in error once had in the lot exchanged for the above mentioned notes he has received absolutely nothing. There was evidence that the interest of which the defendant in error was deprived was of the value of $800. If these facts were established defendant in error was entitled to maintain an action against Stratton. The contradictory proofs made by plaintiffs in error were direct negatives of those presented by the defendant in error. From a consideration of the bill of exceptions alone it would appear that Stratton had successfully disproved the facts which the testimony against him tended to establish. The verdict of the jury was otherwise, and this verdict was sanctioned by the presiding judge when he overruled the motion of Stratton for a new trial. The deportment of different witnesses, especially when interested parties themselves take the stand, is often very convincing. There is no way known by which this disadvantage can be counterbalanced, and, under these conditions, the only course open in this court is to accord to the verdict of the jury, sanctioned by the approval of the trial judge, a conclusiveness little short of absolute verity as to facts in reference to which the evidence is found conflicting. (*Worthington v. Worthington,* 32 Neb., 334; *Brown v. Hurst,* 3 Neb., 353; *Helling v. New England Mortgage Security Co.,* 10 Neb., 611; *Courtnay v. Price,* 12 Neb., 188; *Jennings v. Simpson,* 12 Neb., 558.) There is found no error in the record and the judgment of the district court is

AFFIRMED.