GEORGE WARREN SMITH v. FRANK B. KENNARD.

FILED APRIL 8, 1898. No. 7855.

1. Rulings on Evidence: ASSIGNMENTS OF ERROR. The action of a district court in admitting or excluding evidence on the trial cannot be reviewed by the supreme court unless such action is specifically assigned here in the petition in error.

2. Instructions: EXCEPTIONS. The action of a district court in giving or refusing instructions must be excepted to at the time or the exception will be unavailing.

3. ———: ———: TIME. Certain instructions were given and refused at the trial. Two days afterward exceptions were noted to the ruling of the court. Held, That the exceptions came too late,

4. **Party Wall: Cost of Construction.** The substance of the answer of the defendant in error set out in the opinion and *held* to state a defense.

5. **Payment.** Facts in reference to a payment made reviewed, and the payment *held* a voluntary one.

6. **Party Wall: Construction of Contract.** Provisions of a party-wall contract and a lease considered and the rights and liabilities of the parties thereunder determined.

7. ————. Evidence examined, and *held* to sustain the finding of the jury.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J. . *Affirmed.*

*Kennedy, Gilbert & Anderson,* for plaintiff in error.

*Kennedy & Learned, contra.*

RAGAN, C.

In 1885 William E. Clarke owned the east one-third of lot 6, in block 158, in the city of Omaha. Immediately east of this lot was lot 7, in said block, owned by George Warren Smith. On this date Clarke was about to erect a building upon his lot and a contract in writing was then made between Clarke and Smith and placed of record in the office of the register of deeds of Douglas county. This contract provided that Clarke, in constructing the east wall of his building, might place one-half of said wall on Smith's lot, and that such wall, when constructed, should be and remain a party wall for the use of said contracting parties, their heirs and assigns. The contract also provided that in case Smith, his heirs or assigns, should build upon said lot 7, he should be at liberty to use said wall as the west wall of the building constructed, and in case he did so, he should pay to Clarke a certain proportion of the value or cost of the part of the party wall used. After the execution of this contract Clarke constructed a building on his lot, one-half, if not more, of the east wall of which stood on

Smith's lot.   In 1889 Smith leased his lot to Frank B. Kennard for a term of fifteen years.   This lease was in writing and was made "subject to one or more party-wall contracts made, or which may be made, by the lessor at any time during the continuance of this indenture, the lessor's covenants and agreements in which party-wall contracts the lessee hereby assumes and agrees to perform."   By the terms of his lease Kennard had the right to construct a building upon the leased lot, and at the lease's expiration the right to remove from the lot any building constructed thereon, unless the lessor should exercise his election to purchase the building at a value then fixed thereon by arbitration.   Kennard took possession of this lot some time in May, 1889, and during that year erected thereon a brick building, and in so doing he used a part of this party wall.   Subsequently Clarke demanded of Kennard pay for the portion of the party wall used by him.   Kennard refused to make this payment, and Clarke demanded it of Smith, who paid the value of the party wall used by his tenant, and in the district court of Douglas county brought this action against Kennard to recover the amount paid to Clarke. The trial resulted in a verdict and judgment in favor of Kennard, and Smith has filed a petition in error in this court to review the judgment.

1. Complaint is made here of the action of the district court in the admission and exclusion of certain evidence on the trial.   We cannot review these complaints, because they are not specifically assigned in the petition in error.

2. Other complaints relate to the action of the district court in giving and refusing to give certain instructions. We cannot review these complaints because plaintiff in error took no exceptions to the action of the court in giving and refusing to give the instructions complained of at the time.   The case was submitted to the jury on June 27, and the record discloses that the plaintiff in error filed exceptions to the instructions com-

plained of on the 30th. This was too late. The action of a court in giving or refusing an instruction must be excepted to at the time the instruction is given or refused, or the action of the court cannot be reviewed.

3. The only defense of Kennard to this action which the district court submitted to the jury was the following: Kennard claimed that when he went into possession of the leased lot for the purpose of erecting a building thereon he discovered that more than one-half of the said party wall stood upon the lot which he had leased, thus depriving him of the use and occupancy of a part of the lot; that he thereupon notified Smith and Clarke that more than one-half of the party wall stood upon Smith's lot and that he, Kennard, would not connect his building with the party wall, but would erect an independent wall of his own, unless Clarke would give him an agreement in writing that at the expiration of the lease he, Clarke, would pay to him, Kennard, a specified sum of money,—being the amount it would cost, or a part of the amount it would cost, Kennard to connect his building with the party wall,—and that Clarke would also pay a certain portion of all taxes assessed against the leased lot during the existence of the lease; that Clarke then and there agreed that if Kennard would connect his building with the party wall he, Clarke, at the expiration of Kennard's lease, would pay to him the stated sum of money estimated as the cost of connecting Kennard's building with the party wall and would during the exstence of the lease pay a specified portion of all taxes assessed against the leased lot; that relying upon this agreement he erected his building and connected it with the party wall; that he reduced to writing the contract between himself and Clarke and presented it to Clarke for his signature; that he retained it for some time, and finally refused to sign it. It is now insisted that this answer of Kennard's did not state a defense. We think it did. Kennard, by accepting a lease of this property from Smith subject to the party-wall contract

Smith v. Kennard.

and assuming the provisions of that contract, stood in precisely the same relation to Clarke as Smith himself did so far as the party-wall contract was concerned. But the party-wall contract did not compel Smith himself to use the party wall if he built upon his lot, but only obligated him to pay for a portion of the value of the party wall in case he used it. Kennard, as the lessee of Smith, was not obliged to connect his building with the party wall. If he did connect-it with the party wall, without some special agreement with-Clarke in reference thereto, then he would be bound to pay for the use of such wall. Nothing in the party-wall contract or lease forbade Kennard from making with Clarke the contract pleaded as a defense to this action. Clarke, had he seen fit, might by an agreement with Kennard have permitted him to connect with the party wall gratis, and, since Kennard did not connect with the party wall in pursuance of the provisions of the party wall contract, but by virtue of a separate and independent contract between him and Clarke, Smith was not liable to Clarke for the use made of the party wall by Kennard, and his payment to Clarke of the sum sued for here was a voluntary one on his part.

4. It is somewhat strenuously insisted that the finding of the jury sustaining this defense of Kennard is unsupported by sufficient evidence. We confess that had we been the triers of the issues of fact we should have found that the contract pleaded was never made; but, after as careful an examination of this record as we are capable of making, we are constrained to say that there is sufficient evidence in the record to sustain the jury's finding that it was made, and we may not substitute our opinion for that of the jury. It follows that the judgment of the district court must be, and is,

AFFIRMED.