ACME HARVESTING MACHINE COMPANY, APPELLANT, V. A. E.
BRIGHAM, APPELLEE.

FILED JANUARY 7, 1914.   No. 17,461.

**Appeal: INSTRUCTIONS: EXCEPTIONS.** "Instructions will not be reviewed
where no exceptions were taken to them by the party complaining
at the time the charge was given to the jury." *State v. School
District*, 55 Neb. 317.

APPEAL from the district court for Custer county: BRUNO
O. HOSTETLER, JUDGE. *Affirmed.*

*J. R. Dean, D. P. Stough* and *J. B. Dunn,* for appel-
lant.

*Sullivan & Squires* and *R. E. Brega, contra.*

FAWCETT, J.

Plaintiff brought this action in the district court for
Custer county upon a promissory note. From a verdict
and judgment in favor of defendant, plaintiff appeals.

Counsel for plaintiff state: "Appellant presents but
one question for review. It is respectfully submitted that
the trial court erred in giving instruction No. 5 of its own
motion (Trans. p. 10), and which was duly excepted to at
the time (Trans. p. 13)." Page 10 of the transcript re-
ferred to shows the instruction as given by the court.
Page 13 shows paragraph 17 of the motion for a new trial,
which recites: "The court erred in giving instruction No.
5 given of its own motion duly excepted to by the plaintiff
at the time." Counsel for defendant contend that plain-
tiff cannot now raise an objection to instruction No. 5,
for the reason that no exception was taken to this instruc-
tion at the time it was given, and no exception thereto
was allowed by the court, and that the record will so show.
An examination of the record sustains defendant's con-
tention. So far as the record shows, no objection was
made, or exception noted, to instruction No. 5 until three
days after the trial, when it was made in the motion for

a new trial.   Under the settled rule in this court, the instruction cannot now be reviewed.   This has been the rule ever since *Brown v. Hurst*, 3 Neb. 353, where it was held: "Exceptions to charge must be taken at the time the charge is given."   In *Smith v. Kennard*, 54 Neb. 523, no exceptions were taken to the instructions given and refused by the court at the time of the trial, but exceptions were filed three days later.   We held that it was too late.

No error having been assigned which we are at liberty to consider, the judgment of the district court is

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.